STATE of Missouri, Respondent,

v.

Samuel SCHEETS, Defendant/Appellant.

Samuel SCHEETS, Movant/Appellant,

v.

STATE of Missouri, Respondent.

Nos. 59473, 61808.

Missouri Court of Appeals,
Eastern District,
Division One.

March 9, 1993.

Brad B. Baker, Columbia, for appellant.

William L. Webster, Atty. Gen., Aundreia R. Alexander, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

In this jury-tried case, defendant Samuel Scheets appeals his convictions of two counts of first degree assault, in violation of § 565.050 RSMo1986; one count of armed criminal action, in violation of § 571.015 RSMo1986; and one count of interference with child custody, in violation of § 565.150 RSMo1986. Defendant was sentenced to thirty years' imprisonment on each first degree assault conviction, seventy-five years' imprisonment on the armed criminal action conviction, and a $1.00 fine

on the interference with child custody conviction.

Defendant also appeals the denial, following an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. For purposes of appellate review, we have consolidated defendant's direct appeal and the appeal from the denial of post-conviction relief. Rule 29.15(1). We affirm.

The evidence supporting the jury's verdict established that on October 29, 1989, defendant met his ex-wife, Jana Biddle, in a park where defendant was to return their two children to Jana following an overnight visit. Jana's husband, Mark Biddle, was also present. When Mark approached defendant's automobile to remove the two sleeping children, defendant shot Mark in the abdomen. Jana left the scene to get help. Defendant then kicked Mark in the head and amputated his penis. Before Jana returned, defendant fled with the two children. New Mexico State Police subsequently arrested defendant in that state.

A friend of defendant testified that on October 28, 1989, defendant stated he was going to Missouri to visit his children. Defendant also told his friend that he planned to shoot the victim and amputate the victim's penis.

Defendant raises three points. Point one alleges motion court error. Points two and three allege trial court error. We will first address the points raised in defendant's direct appeal.

■ In his second point, defendant contends the trial court erred in failing to instruct the jury on the lesser-included offense of second-degree assault. Defendant asserts such instruction was warranted, because he presented evidence showing he acted under sudden passion arising out of adequate cause.

In *State v. Simmons*, 751 S.W.2d 85 (Mo.App.1988), we noted that:

Sudden passion means "passion directly caused by and arising out of provocation by the victim [or another acting with the victim] which passion arises at the time of the offense and is not solely the result of former provocation." Section 565.-002(7) [RSMo] 1986. Adequate cause means "cause that would reasonably pro-

duce a degree of passion in a person of ordinary temperament, sufficient to substantially impair an ordinary person's capacity for self-control." Section 565.-002(1); *State v. Denney,* 725 S.W.2d 921, 923 (Mo.App.1987).

*Simmons,* 751 S.W.2d at 91.

This court further explained in *Simmons* that "[t]o be 'adequate,' the provocation must be of a nature calculated to inflame the passions of the ordinary, reasonable, temperate person." *Id.* "[F]or an offense to be reduced to one less culpable, there must be a sudden unexpected encounter or provocation tending to excite the passion beyond control." *Id.* "Passion may be rage or anger, or terror, but it must be so extreme that for the moment, the action is being directed by passion, not reason." *Id.* Although "words, gestures or other actions may give rise to provocation it was the rule at common law and the general long-standing rule in Missouri that words, no matter how opprobrious or insulting are not sufficient to show 'adequate provocation'." *Id.*

Defendant contends the trial court should have given his requested instructions because there was evidence showing sudden passion arising out of adequate cause. Defendant argues his evidence established that when he arrived at the park to return the children, his ex-wife was "very emotional and upset, and read [him] 'the riot act' " for being late. According to defendant he apologized to his ex-wife, and told her the children were in his car. The victim said, " 'Well, you weren't here, were you?'," and he "made a beeline" to the passenger side of defendant's car to remove the children. Defendant testified he became enraged, shot the victim, kicked him, and performed the amputation.

■ There was no evidence of provocation by the victim. Words alone are insufficient, *id.,* and defendant does not contend the victim approached him. Rather, the victim's only act was to approach the passenger door of the automobile for the purpose of removing the children. Defendant testified his ex-wife was not at the park when he first arrived, so he telephoned her home. Defendant spoke with the victim

who "said he'd come pick up the children." Thus, the sole reason for the meeting was to return custody of the children, and the victim's action in approaching defendant's automobile for that purpose was not "a sudden unexpected encounter or provocation tending to excite the passion beyond control." *Id.* The evidence viewed in the light most favorable to defendant does not demonstrate such passion as to render a person of ordinary temperament incapable of reflection, or such passion to obscure reason. *See Id.* We find no error in the trial court's refusal to give defendant's proffered instructions on second-degree assault. Point two is denied.

■ In point three, defendant contends the trial court plainly erred in submitting instruction 4 defining "reasonable doubt" in accordance with MAI–Cr 3d 302.04. Defendant argues the instruction violated his rights to due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution, because the "firmly convinced" definition suggests a higher degree of doubt than is constitutionally required for acquittal.

Our supreme court has consistently rejected defendant's argument, *State v. Waller*, 816 S.W.2d 212, 218 (Mo. banc 1991), and has found the instruction meets the requirement that the jury be instructed it must find defendant guilty beyond a reasonable doubt. *State v. Griffin*, 848 S.W.2d 464, 469 (Mo. banc 1993). Defendant presents this argument "in the event some court in the future concludes the reasonable doubt definition is constitutionally deficient...." Point three is denied.

■ In his first point, defendant contends the motion court erred in denying his claim of ineffective assistance of counsel, because defense counsel failed to file a motion to suppress statements defendant made to Detective Sam Eli of the Sullivan Police Department. Defendant asserts that if the statements had been suppressed he "may have been acquitted," and he "was thereby prejudiced by the absence of such motion at trial."

Our review of a denial of post-conviction relief "is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous." *Lane v. State*, 778 S.W.2d 769, 770 (Mo.App.1989); Rule 29.15(j). The motion court's findings and conclusions are clearly erroneous "only if review of the entire record leaves this court with a definite and firm impression that a mistake has been made." *Lane*, 778 S.W.2d at 770.

"To prove a claim of ineffective assistance of counsel, a *Rule 29.15* movant must show that counsel's performance was deficient and that the deficiency prejudiced his defense." *Sidebottom v. State*, 781 S.W.2d 791, 795 (Mo. banc 1989), *cert. denied*, 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990). Under Rule 29.15, "movant has the burden of proving his grounds for relief by a preponderance of the evidence." Rule 29.15(h). " 'There is no reason for a court ... to address both components of the inquiry if the defendant makes an insufficient showing on one.' " *Sidebottom*, 781 S.W.2d at 796 (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)).

"The deficiency is shown by counsel's acts or omissions which, in light of all the circumstances, were 'outside the wide range of professionally competent· assistance.' " *Sidebottom*, 781 S.W.2d at 795 (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2065). "Counsel is presumed competent." *Sidebottom*, 781 S.W.2d at 796. "Prejudice is shown by proof that, but for counsel's unprofessional errors, there was a reasonable probability that the result would have been different." *Id.*

At trial Detective Eli testified that while he was transferring defendant from New Mexico to Missouri, defendant made several incriminating spontaneous statements. Defendant contends defense counsel was ineffective in failing to litigate the voluntariness of those statements, because although defendant had been advised of his rights by New Mexico officials, Detective Eli had not yet advised defendant of his rights when defendant made the statements.

The motion court found "the evidence refutes the allegations that [defense coun-

**640**

sel]] was ineffective in failing to file a motion to suppress movant's statements. This Court bases said finding on the credible testimony of [defense counsel] and the facts of the case elicited at trial." The motion court's findings are not clearly erroneous.

Defendant testified at the hearing he decided to testify because he knew his statements to Detective Eli were going to be used against him at trial. However, according to defense counsel, defendant "was insistent from the first" that he would testify, even though defense counsel advised that he not take the stand. Defense counsel stated defendant's insistence on testifying was a factor in the decision to not file a motion to suppress. Based on his pretrial discussions with defendant regarding defendant's expected testimony, it was apparent to defense counsel that the incriminating statements would "come out anyway" through defendant's testimony.

█ Credibility of the witnesses is for the motion court's determination. *State v. Tubbs*, 806 S.W.2d 746, 749 (Mo.App.1991). The motion court believed defense counsel's testimony. In light of defendant's insistence from the onset that he was going to take the stand, and his admissions at trial to having committed the crimes charged, defendant failed to establish that prejudice resulted from defense counsel's decision to not file a motion to suppress statements. Nothing in the record supports a conclusion that but for counsel's failure to file a motion to suppress statements, there was a reasonable probability that the result would have been different. Point one is denied.

The judgments of the trial court and motion court are affirmed.

REINHARD and CRIST, JJ., concur.