

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | |
|---|---|
| COREY A. WIGGINS, | ) ED101660 |
| | ) |
| Movant, | ) Appeal from the Circuit Court |
| | ) of St. Louis County |
| v. | ) 13SL-CC04554 |
| | ) |
| STATE OF MISSOURI, | ) Honorable Thea A. Sherry |
| | ) |
| Respondent. | ) Filed: April 28, 2015 |

## Introduction

Corey A. Wiggins (Movant) appeals the judgment denying his motion for post-conviction relief under Rule 24.035[1] without an evidentiary hearing. Movant argues that he adequately alleged facts, not refuted by the record, that established his guilty plea was involuntary. We reverse and remand to the motion court for an evidentiary hearing.

## Background

Movant pled guilty to one count of murder in the second degree and one count of armed criminal action. Movant's pleas arose out of an incident during a family gathering on Thanksgiving Day in 2012, when Movant and the victim got into an argument and Movant shot the victim. The plea court sentenced Movant to consecutive terms of life in prison for second-degree murder, and nine years for armed criminal action.

---

[1] All rule references are to Mo. Crim. P. (2014), unless otherwise indicated.

1

Movant timely filed his motion under Rule 24.035, alleging that his plea counsel was ineffective for failing to advise him before he pled guilty of the viability of proceeding to trial on the theory that he was guilty of the lesser-included offense of voluntary manslaughter, rather than second-degree murder. Movant alleged his plea counsel was aware of the following facts that would have supported such a defense.

Movant alleged that the victim was a friend of Movant's family whom Movant had known all his life. Movant described a history of the victim verbally and sexually abusing Movant since he was a child. Movant alleged that the victim harassed and threatened him several times during the days before the shooting. The morning of Thanksgiving, the victim approached Movant with a screwdriver and grabbed him by the neck. Movant also alleged that during the argument later that day, before Movant stood to shoot the victim, the victim came over to the table where Movant was seated and stood next to him holding a screwdriver and making threatening comments. A heated argument followed, during which the victim told Movant, "I'll have your ass right now." Movant believed the victim might do something sexual in nature to him. Movant alleged that he stood up from the table, and the victim came at him with the screwdriver. Movant alleged that at that point he "lost it" and shot the victim multiple times.

Movant argued in his motion that although his plea counsel was aware of these facts, he never discussed the possibility of proceeding to trial and arguing Movant committed voluntary manslaughter rather than second-degree murder. The motion court denied Movant's motion without an evidentiary hearing, finding that the record conclusively refuted his claim. Specifically, the motion court held that the plea hearing record showing the prosecutor's recitation of the factual basis of the case and Movant's

agreement to it refuted the facts alleged in Movant's motion. The motion court also found that the record refuted Movant's claim that his counsel was ineffective because Movant repeatedly assured the plea court that he was satisfied with the representation provided by his attorney. This appeal follows.

## Standard of Review

Appellate review of the denial of a motion under Rule 24.035 is "limited to a determination of whether the motion court's findings of fact and conclusions of law were clearly erroneous." Rule 24.035(k); see Weeks v. State, 140 S.W.3d 39, 44 (Mo. banc 2004). Because the findings of the motion court are presumed to be correct, we will find them clearly erroneous only if, after a review of the entire record, this Court is left with the definite and firm impression that a mistake has been made. Vaca v. State, 314 S.W.3d 331, 334 (Mo. banc 2010).

In order to obtain an evidentiary hearing on a claim of ineffective assistance of counsel under Rule 24.035, (1) a movant must raise facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. State v. Driver, 912 S.W.2d 52, 55 (Mo. banc 1995). To justify the denial of an evidentiary hearing, the record must be specific enough to conclusively refute the movant's allegation. Lomax v. State, 163 S.W.3d 561, 563 (Mo. App. E.D. 2005) (quoting Driver, 912 S.W.2d at 55).

## Discussion

In his sole point on appeal, Movant argues that the motion court clearly erred in denying his motion without an evidentiary hearing because he sufficiently alleged facts that if true would establish that his plea counsel was ineffective. We agree.

3

To warrant an evidentiary hearing on his claim of ineffective assistance of counsel, Movant must allege unrefuted facts showing that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. See Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). Where there is a plea of guilty, a claim of ineffective assistance of counsel is immaterial "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." Worthington v. State, 166 S.W.3d 566, 573 (Mo. banc 2005). If Movant successfully alleges counsel's performance was deficient, he must also allege that there is a reasonable probability that but for counsel's ineffectiveness, he would not have pled guilty and would have demanded a trial. See Savage v. State, 114 S.W.3d 455, 457 (Mo. App. E.D. 2003).

Here, Movant alleged in his motion that his plea counsel failed to discuss with him the viability of arguing for a conviction of voluntary manslaughter rather than second-degree murder despite plea counsel knowing of facts that might support such a defense. Failure by plea counsel to advise a defendant of a possible defense may render a guilty plea unknowing and involuntary. See Bequette, 161 S.W.3d at 908 (reversing for evidentiary hearing on claim that defense counsel failed to inform movant of possible defense and failed to investigate witness who could support that defense). While counsel may ultimately advise a defendant to plead guilty based on the circumstances in a given case, counsel still has the basic duty to discuss the circumstances and possible consequences of entering a plea, including possible defenses to the offense charged, in order to ensure that the defendant makes an informed and intelligent decision about waiving the right to trial. See Cooper v. State, 356 S.W.3d 148, 153 (Mo. banc 2011) (plea must be knowing and intelligent act done with sufficient awareness of relevant

4

circumstances and likely consequences); Estes v. State, 950 S.W.2d 539, 543 (Mo. App. E.D. 1997) (counsel has duty to discuss possible consequences of pleading guilty).

Voluntary manslaughter is a class B felony, defined as causing the death of another person under circumstances that would constitute murder in the second degree, except that the death was caused "under the influence of sudden passion arising from adequate cause."[2] Section 565.023.1, 565.023.3.[3] In contrast to the life sentence Movant agreed to by pleading guilty, a class B felony carries a possible prison term of five to 15 years. Section 558.011.1(2). Movant argued that the facts he alleged supported the conclusion that he was guilty of voluntary manslaughter rather than second-degree murder, and had his counsel discussed such a defense with him, he would not have pled guilty but would have gone to trial.

The motion court recognized that if the facts contained in Movant's motion were true, "he may well have been entitled to argue for the lesser-included offense of voluntary manslaughter." However, the motion court found that the facts Movant affirmed in his plea hearing refuted these facts. Specifically, the State recited the following factual basis:

> [T]he State's evidence would have been that the defendant and the victim in this case were arguing, verbally arguing, over Thanksgiving dinner last year. The argument culminated when the defendant stood up from the table and shot the victim multiple times while the victim was still seated at the table.

---

[2] "Sudden passion" is "passion directly caused by and arising out of provocation by the victim, or another acting with the victim, which passion arises at the time of the offense and is not solely the result of former provocation." Section 565.002(7), RSMo. (2000). "Adequate cause" is "cause that would reasonably produce a degree of passion in a person of ordinary temperament sufficient to substantially impair an ordinary person's capacity for self-control." Section 565.002(1).

[3] All statutory references are to RSMo. (2000), unless otherwise indicated.

The plea court then said to Movant, "You've heard the prosecutor's statement. Is that correct?" Movant replied, "Yes, your Honor." The motion court concluded this established Movant shot the victim during a solely verbal argument while the victim was still seated at the table, and because of this, Movant would not have been able to show the elements of "sudden passion" or "adequate cause" required for the defense of voluntary manslaughter. See State v. Scheets, 849 S.W.2d 637, 638 (Mo. App. E.D. 1993) (mere words do not suffice as adequate cause).

However, the factual basis underlying a guilty plea is not always a complete account of the circumstances surrounding the crime, nor is it meant to be. It is often simply a recital of the elements the State expects to prove at a trial, and it is not even necessary that the defendant agree entirely with the facts recited by the State in order for his or her plea to be voluntary. See State v. Morton, 971 S.W.2d 335, 340 (Mo. App. E.D. 1998) (prosecutor's statement that he is prepared to prove facts during trial that would constitute crime is sufficient to establish factual basis; defendant does not have to agree so long as defendant understands facts); Bird v. State, 657 S.W.2d 315, 316 (Mo. App. E.D. 1983) (citing North Carolina v. Alford, 400 U.S. 25 (1070)) (where movant admitted stealing but equivocated regarding value of stolen property, this Court nevertheless found plea was voluntary). The gravamen is whether the defendant understands the nature of the offense and the consequences of giving up his or her right to proceed to trial. See State v. Taylor, 929 S.W.2d 209, 217 (Mo. banc 1996) (court is not required to explain every element so long as defendant understands nature of charge).

In this light, we do not agree that Movant's acknowledgment of the State's anticipated evidence conclusively refuted the facts Movant alleged in his motion. Even if

a jury were to believe that the victim was still seated when Movant shot him, they could also believe the victim brandished a screwdriver. In light of the ongoing past abuse Movant alleged, the confrontations between Movant and the victim in the days leading up to the shooting, as well as former threats with a screwdriver specifically on the morning of the shooting, a court could have determined an instruction on voluntary manslaughter was proper. See State v. Avery, 120 S.W.3d 196, 205 (Mo. banc 2003) (while words alone are not adequate cause, "little more is required"; evidence of former provocation may be relevant to show why events immediately before killing amount to sudden passion arising from adequate cause); State v. Branch, 757 S.W.2d 595, 599 (Mo. App. E.D. 1988) (where defendant shot victim when victim was intoxicated, evidence of victim's past abuse of defendant while intoxicated may have caused jury to reject deliberation or premeditation).

While there is no guarantee that Movant would have successfully convinced a jury that he committed voluntary manslaughter rather than second-degree murder, he was entitled to weigh that option before pleading guilty. Under the particular circumstances here, we cannot say that the factual basis Movant acknowledged at his plea hearing conclusively refuted Movant's claim that his trial counsel was ineffective for failing to discuss this option. The motion court's judgment was clearly erroneous in this respect.

However, the motion court also found the record specifically refuted Movant's allegation that counsel failed to discuss possible defenses with him. The motion court noted the following colloquy from Movant's plea hearing:

> THE COURT: Now, do you believe you've had sufficient time to talk to [your attorney] about these charges?
>
> [MOVANT]: Yes, your Honor.

7

THE COURT: Has he answered all the questions you asked him?

[MOVANT]: Yes, your Honor.

THE COURT: Has he shared all the...factual information of the evidence of the crime?

[MOVANT]: Yes, your Honor.

THE COURT: And is there anything you asked him to do that he refused to do?

[MOVANT]: No, your Honor.

THE COURT: And do you have any complaints about his representation?

[MOVANT]: No, your Honor.

THE COURT: Are you satisfied with his services?

[MOVANT]: Yes, you Honor.

After accepting Movant's plea, the plea court again asked Movant whether he was satisfied with his counsel's services, and Movant responded, "Yes, your Honor." Based on this, the motion court concluded that even were a defense of voluntary manslaughter available, Movant's assurances that he was satisfied with his trial counsel refuted his claim that counsel failed to discuss it with him before he pled guilty.

The questions about counsel's performance and the responses to them must be specific, and general inquiries about a movant's satisfaction with counsel are not enough to conclusively refute a claim of ineffective assistance. Driver, 912 S.W.2d at 56. In Muhammad v. State, this Court noted that where a movant claimed he was unaware of the possibility of arguing self-defense or a lesser-included offense at trial, the plea court had specifically asked the movant whether his attorney had discussed possible defenses

8

and the movant said yes. 367 S.W.3d 659, 663 (Mo. App. E.D. 2012). Additionally, this Court found the record did not support the conclusion that the movant was unaware of the basic principles of self-defense or the concept of lesser-included offenses. Id.

However, here, the plea court did not ask Movant specifically whether his plea counsel had explained any available or known defenses to him, or if plea counsel had fully advised Movant as to all aspects of the case. Further, while self-defense is evident, the concept of sudden passion arising from adequate cause is not as evident to a non-lawyer. Especially here, given that it is based on the possibility that his history with the victim as well as events leading up to the shooting may have been relevant to show a context leading to sudden passion arising from adequate cause, we find nothing in the record to refute Movant's allegation that he was not aware of the possibility of making this argument.

While it may be that Movant's counsel did in fact discuss with him the possibility of proceeding to trial and requesting a conviction for voluntary manslaughter before Movant pled guilty, there is no way to know without an evidentiary hearing. See Buckner v. State, 995 S.W.2d 47, 50 (Mo. App. W.D. 1999) (noting only evidentiary hearing can resolve issue of whether counsel discussed merits of filing motion to suppress evidence with movant). Movant's alleged facts, taken as true, suggest the existence of a possible defense that counsel should have discussed with Movant prior to the guilty plea, and those facts are not conclusively refuted by this record.

Finally, Movant alleged that he was prejudiced because had his counsel discussed this possibility with him, he would not have pled guilty but would have proceeded to trial. Though proceeding to trial would have presented a significant risk for Movant in

9

light of the State's recital of its evidence, specifically the risk of the jury rejecting such an argument and sentencing Movant to life in prison without any possibility of parole; again, without the benefit of an evidentiary hearing, we must take Movant at his word.

Thus, because Movant sufficiently pled unrefuted facts that would entitle him to relief on his claim under Rule 24.035, we conclude the motion court clearly erred in denying his motion without an evidentiary hearing. Point granted.

<u>Conclusion</u>

We reverse the motion court's judgment and remand for the purpose of conducting an evidentiary hearing on Movant's motion prior to entry of judgment.

_____
Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P.J., concurs.
Robert G. Dowd, Jr., J., concurs.

10