RITA W. GRUBER, Chief Judge
Appellant Terrio Williams was charged in the Pulaski County Circuit Court with second-degree murder. Appellant entered a negotiated guilty plea and was sentenced by the court to 300 months' imprisonment. Subsequently, appellant filed a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1, alleging ineffective assistance of counsel. The petition was denied without a hearing, and appellant filed a timely notice of appeal from the court's order. Appellant argues on appeal that his guilty plea was not given voluntarily and intelligently upon the advice of counsel. We affirm.
A plea hearing was held on September 7, 2017. At the hearing, the court informed *299 appellant that he was being charged with "murder, class A felony" and that he could receive up to 30 years' imprisonment and a fine of up to $15,000. When asked whether he understood the charge and the possible punishment, appellant responded affirmatively. Appellant also indicated he had discussed the matter with his attorney and was satisfied with his attorney's advice. Appellant stated he understood that he would not get a trial or the opportunity to appeal if he entered a guilty plea. Appellant denied being forced, threatened, or promised anything, as well as being under the influence of drugs or alcohol. A written plea statement signed by appellant the same day as the hearing clearly stated that appellant had been charged with second-degree murder and contained statements consistent with appellant's testimony at the hearing.
In his petition for postconviction relief, appellant raised nine allegations of ineffective assistance of counsel: (1) failure to fully investigate the case; (2) failure to consider the possibility of an affirmative defense based on extreme emotional distress; (3) failure to adequately explain the implications of pleading guilty to second-degree murder and that appellant was unaware of the crime for which he was charged; (4) failure to adequately prepare pretrial motions and request additional time to review newly discovered evidence; (5) failure to properly advise appellant to unlock his cell phone; (6) failure to retain an expert witness; (7) failure to get a second opinion on the facts of the case; (8) failure to effectively communicate with appellant; and (9) failure to identify and adequately brief "numerous available issues."
In its order denying the petition for postconviction relief, the court found that appellant's allegations of ineffective assistance of counsel were "conclusory at best" and did not provide the basis for an evidentiary hearing. The court further acknowledged that the only allegation cognizable from a guilty plea was the third allegation:
Counsel did not adequately explain the implications of pleading guilty to second-degree murder under the instant facts. In fact, Petitioner was wholly unaware of the crime to which he was pleading guilty. Accordingly, Counsel failed to ensure that Petitioner was voluntarily and knowledgeably pleading guilty to the charged offense.
The court noted appellant's testimony at the hearing and the statements made in the written plea statement and found all the allegations to be without merit.
On appeal, we do not reverse the court's denial of postconviction relief unless the court's findings are clearly erroneous. Johnson v. State , 2018 Ark. 6, at 2, 534 S.W.3d 143, 146. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. Id. When a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege the plea was not made voluntarily and intelligently or was entered without effective assistance of counsel. See Jamett v. State , 2010 Ark. 28, at 3, 358 S.W.3d 874, 876.
In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court clearly erred in holding that counsel's performance was effective. Small v. State , 371 Ark. 244, 264 S.W.3d 512 (2007). The test under Strickland is two-pronged.
*300 Scott v. State , 2012 Ark. 159, at 2, 2012 WL 1223751 (per curiam). First, a petitioner making a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. Id. The petitioner must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Polivka v. State , 2010 Ark. 152, at 8, 362 S.W.3d 918, 924. Second, the petitioner must demonstrate that counsel's deficient performance prejudiced the defense to such an extent that the petitioner was deprived of a fair trial. Jamett , 2010 Ark. 28, at 4, 358 S.W.3d at 876. In addition, conclusory statements that counsel was ineffective cannot be the bases of postconviction relief. Mancia v. State , 2015 Ark. 115, at 5, 459 S.W.3d 259, 264.
Appellant's only ineffective-assistance claim pursued on appeal is that he did not plead guilty intelligently upon the advice of competent counsel because his counsel did not advise him that he could reasonably argue that his actions constituted manslaughter rather than second-degree murder, to which he entered a guilty plea. The State counters that appellant's argument is not preserved for appeal because it was not raised below.
While appellant did argue below that counsel failed to consider the possibility of an affirmative defense based on extreme emotional distress, the argument he now raises is different. An appellant in a Rule 37.1 proceeding is limited to the scope and nature of his arguments below, and he cannot raise new arguments on appeal. Bryant v. State , 2013 Ark. 305, at 3, 429 S.W.3d 193, 197. Even if it had been adequately raised below, the argument lacks merit.
First, appellant's allegation is conclusory, which cannot be the basis for postconviction relief. See Mancia , 2015 Ark. 115, at 5, 459 S.W.3d at 264. Second, appellant's claim fails because he cannot establish prejudice. In order to establish prejudice under Strickland and demonstrate ineffective assistance of counsel, an appellant who has pled guilty must show a reasonable probability that, but for counsel's error, he would not have so pled and instead would have chosen to go to trial. Scott , 2012 Ark. 159, at 3. Appellant's petition fails to do so. Because appellant does not allege that he would not have pled guilty had counsel advised him that he could reasonably argue that his actions constituted manslaughter rather than second-degree murder, he cannot demonstrate prejudice.
Appellant's counsel asks us to consider a case from the Missouri Court of Appeals in which the petitioner alleged in his motion that "his plea counsel failed to discuss with him the viability of arguing for a conviction of voluntary manslaughter rather than second-degree murder despite plea counsel knowing of facts that might support such a defense." Wiggins v. State , 480 S.W.3d 379, 383 (Mo. Ct. App. 2015). In Wiggins , the issue was whether the court denied the claim for relief without an evidentiary hearing. The Missouri Court of Appeals reversed and remanded for an evidentiary hearing, holding that the trial court clearly erred in denying Wiggin's motion without an evidentiary hearing. Id. , at 386. Here, appellant does not raise the issue that the court denied his petition without a holding an evidentiary hearing. Therefore, Wiggins is distinguishable.
Based on the foregoing, we affirm.
Affirmed.
Whiteaker and Brown, JJ., agree.