In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

RONALD L. SMITH, ) No. ED108739
 )
 Appellant, ) Appeal from the Circuit Court of
 ) St. Louis County
vs. ) 19SL-CC00699
 )
STATE OF MISSOURI, ) Honorable Richard M. Stewart
 )
 Respondent. ) Filed: February 2, 2021

Angela T. Quigless, P.J., Kurt S. Odenwald, J., and James M. Dowd, J.

 Introduction

 Appellant Ronald L. Smith appeals the judgment denying his Rule 24.035 motion for

post-conviction relief without an evidentiary hearing following his guilty plea and resulting

felony conviction for knowingly burning a truck he owned jointly with his wife in violation of §

569.055(1)1, and for which he was sentenced to three years in prison. Smith's claims of

ineffective assistance of counsel are both based on his claim that, since he was a joint owner of

this marital property, he could not be charged with, plead guilty to, or be convicted of knowingly

burning the property of another. We disagree and affirm.

1
 All statutory citations are to RSMo 2020 unless otherwise stated.
 Background

 This case stems from a June 24, 2018, incident in which Smith set fire to the 2012 GMC

vehicle he owned jointly with his estranged wife Kendral Smith. Smith had become angry with

his wife and the 2012 GMC was the vehicle she normally drove.

 At Smith’s October 15, 2018, plea hearing, the state recited the following as the factual

basis for Smith’s guilty plea:

 “Specifically, the State’s evidence would show that the Defendant was angry with his
 wife, who was staying with her mother. In the morning hours of June 24, 2018, the
 Defendant was captured on surveillance video in the parking lot of the wife’s mother’s
 apartment complex.
 Defendant approached the victim’s vehicle with a container of yellowish liquid. The
 Defendant opened the driver’s door of the wife’s vehicle and started a fire in the vehicle.
 The victim’s vehicle suffered smoke damage and charring of the seats. Defendant walked
 away with the empty container.
 The responding officer observed the heavy odor of gasoline when he opened the
 driver’s door and Defendant was arrested. He identified himself from still photos taken
 from the video and he admitted to throwing a lit cigarette inside of his wife’s vehicle.”

 Smith acknowledged that this was an accurate factual description of the occurrence and

stated that he was satisfied with his attorney’s representation. The court found that there was a

sufficient factual basis for the conviction and accepted Smith's guilty plea to the class E felony of

knowingly burning or exploding in violation of § 569.055(1) which states that “A person

commits the offense of knowingly burning or exploding if he or she knowingly damages the

property of another by starting a fire or causing an explosion.” The court then sentenced Smith

to three years in prison in the Missouri Department of Corrections, but suspended execution of

the sentence and placed Smith on supervised probation for five years.

 Smith timely filed his pro se motion for post-conviction relief on February 19, 2019.

Subsequently, Smith’s court-appointed post-conviction counsel timely filed an amended motion

 2
on May 29, 2019.2 Smith raised four claims in his Rule 24.035 amended motion, two of which

are relevant here: first, that Smith’s plea was made unknowingly and involuntarily because there

was no factual basis to convict Smith of knowingly burning property of another; and second, that

plea counsel was ineffective for advising Smith to plead guilty when the facts did not satisfy the

elements of the charged offense.

 On November 1, 2019, the motion court denied Smith’s request for an evidentiary

hearing. On January 8, 2020, the motion court issued its findings and conclusions denying

Smith’s claims. This appeal follows.

 Smith claims that the motion court erred in denying his motion for post-conviction relief

without an evidentiary hearing, and requests that this Court reverse the motion court’s judgment,

vacate Smith’s plea and sentence, and remand for a trial, or in the alternative, an evidentiary

hearing. We disagree and find that the record shows Smith’s plea counsel was not ineffective

and that Smith’s guilty plea was made knowingly and voluntarily.

 Standard of Review

 Appellate review of the denial of a Rule 24.035 motion is limited to a determination of

whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k);

Webb v. State, 334 S.W.3d 126, 128 (Mo. banc 2011) (citing Feldhaus v. State, 311 S.W.3d 802,

804 (Mo. banc 2010)); see also Morrow v. State, 21 S.W.3d 819, 822 (Mo. banc 2000). The

motion court’s findings and conclusions are presumptively correct. Swallow v. State, 398

S.W.3d 1, 3 (Mo. banc 2013); see also State v. Johnson, 901 S.W.2d 60, 62 (Mo. banc 1995).

And even if the stated reason for the court's ruling is incorrect, the judgment should be upheld if

2
 The untimely amended motion was accompanied by a Sanders' motion. The motion court made an inquiry and
finding that abandonment had occurred such that the amended motion was treated as timely. Sanders v. State, 807
S.W.3d 493 (Mo. banc 1991) (holding that appointed counsel's untimely motion amending pro se motion for post-
conviction relief should be permitted if the failure to file a timely amended motion resulted from the inattention of
counsel.)

 3
it is sustainable on any other grounds. Swallow, 398 S.W.3d at 3; see also State v. Bradley, 811

S.W.2d 379, 383 (Mo. banc 1991). The motion court’s findings will only be considered clearly

erroneous if, after a full review of the record, the appellate court is left with the definite and firm

impression that a mistake was made. Johnson, 901 S.W.3d at 695; see also Morrow, 21 S.W.3d

at 822.

 To warrant an evidentiary hearing on his claim of ineffective assistance of counsel,

Movant must allege unrefuted facts showing that his counsel's performance fell below an

objective standard of reasonableness and that he was prejudiced thereby. Wiggins v. State, 480

S.W.3d 379, 382-83 (Mo. App. E.D. 2015); see also Strickland v. Washington, 466 U.S. 668

(1984). If the court determines that the motion and the files and records of the case in question

conclusively show that the movant is not entitled to relief, no hearing in required. Rule

24.035(h).

 A guilty plea must be a voluntary expression of the defendant's choice and a knowing act

done with sufficient awareness of the relevant circumstances and likely consequences of the act.

Davis v. State, 435 S.W.3d 113, 116 (Mo. App. E.D. 2014). Where Movant pleaded guilty,

ineffective assistance of counsel is immaterial “except to the extent that the conduct affected the

voluntariness and knowledge with which the plea was made.” Wiggins, 480 S.W.3d at 383.

Movant bears the burden of proving, by a preponderance of the evidence, that counsel's

performance was deficient and that there is a reasonable probability that, but for counsel's

ineffectiveness, he would have demanded a trial. (Emphasis added). Id.; see also State v. Ervin,

423 S.W.3d 789, 793 (Mo. App. E.D. 2013).

 4
 Discussion

 Smith raises two points to support his claim that his guilty plea was not knowing and

voluntary, each of which is based on his argument that he could not legally be charged with, or

be convicted of, the § 569.055(1) crime of "knowingly burning or exploding ... the property of

another" because the vehicle was his as well as his wife's and one cannot be guilty under §

569.055(1) of burning his own property. In that vein, he claims in his first point that his guilty

plea was not knowing and voluntary because there was no factual basis to convict him of

violating § 569.055(1). And in his second point, Smith claims his plea counsel was ineffective

for failing to advise him that he could not be convicted of knowingly burning his own vehicle

and that he was prejudiced as a result because, had he known, he would have gone to trial. We

disagree.

 The dispositive question before us is whether a defendant can be convicted under §

569.055(1) of knowingly burning the property of another even if the defendant also has an

ownership interest in the property. The answer is yes. We found our answer in State v.

Brushwood, 171 S.W.3d 143 (Mo. App. W.D. 2005), and its on-all-fours analysis of facts and

law almost identical to this case.

 After he vandalized his estranged wife's vehicle by pouring water into the gas tank,

Brushwood claimed he could not be charged and convicted under § 569.120.1(1) (2000) of

"knowingly damag[ing] property of another," because he had a marital property interest in the

vehicle at the time he damaged it. Id. at 146. Like this case, Brushwood "turns on an

interpretation of the phrase ‘property of another’." Id. at 147. The court looked to the definition

of "of another" found at § 569.010(3) (2000) ("'Of another', property is that 'of another' if any

natural person [...], other than the actor, has a possessory or proprietary interest therein."), noted

 5
that this definition "does not require that that person have the only interest, and conversely, it

does not require that the actor have no interest," and concluded that the State "only had to show

that someone other than the appellant had a possessory or proprietary interest in it." Id. We find

this reasoning compelling.

 Since it is undisputed here that Smith's wife had a possessory and proprietary interest in

the vehicle Smith torched, Smith was properly charged with, pleaded guilty to, and was

convicted of the § 569.055(1) crime of burning the property of another. The fact that he also

may have had a property interest in the vehicle is irrelevant. Therefore, both of Smith's claims of

error fail because each of them was based wholly on this erroneous notion that he could not be

charged and convicted of burning this vehicle because he happened to also have an ownership

interest in it.

 In seeking to undermine the impact of Brushwood on his claims, Smith makes much of

the revisions to the Missouri penal code that saw the migration of the definition of "of another"

from § 569.010(3) (2000) to § 556.061(34). But Smith’s argument mischaracterizes this simple

statutory reorganization as the removal of this definition from our consideration. We are

unpersuaded. In its massive revamping in 2014 of Missouri's criminal laws which became

effective on January 1, 2017, and bears the title "The Revised Criminal Code," the legislature

grouped a number of definitions in § 556.061 and made them applicable across the Code. So, §

556.061(34)'s definition of "of another," which is effectively identical to the § 556.010(3)

(2000)'s version3 addressed in Brushwood, is fully applicable to the charge here under §

569.055(1) that Smith "knowingly burn[ed] ... the property of another."

3
 Compare § 569.010(3) (2000): "'Of another', property is that "of another" if any natural person,
corporation, partnership, association, governmental subdivision or instrumentality, other than the
actor, has a possessory or proprietary interest therein;" with § 556.061(34): "'Of another',
 6
 Conclusion

 For these reasons, we affirm the judgment of the motion court.

 __________________________
 James M. Dowd, Judge

Angela T. Quigless, P.J., and
Kurt S. Odenwald, J., concur.

property that any entity, including but not limited to any natural person, corporation, limited
liability company, partnership, association, governmental subdivision or instrumentality, other
than the actor, has a possessory or proprietary interest therein, except that property shall not be
deemed property of another who has only a security interest therein, even if legal title is in the
creditor pursuant to a conditional sales contract or other security arrangement;..."
 7