

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

| | | |
|---|---|---|
| JOHNATHAN WYATT, | ) | No. ED110537 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Paula P. Bryant |
| | ) | |
| Respondent. | ) | Filed: February 7, 2023 |

Johnathan Wyatt ("Movant") appeals from the motion court's judgment denying his Rule 24.035[1] amended motion for post-conviction relief without an evidentiary hearing. Movant claims the motion court erred in denying an evidentiary hearing as to his claim that the plea court should not have accepted his guilty plea without obtaining Movant's "unequivocal admission of the factual requisites" of the charge. He also asserts the motion court erred in denying an evidentiary hearing as to his claim that his plea counsel was ineffective for not advising him of the possibility of a defense based on the applicability of lesser-included offenses. We affirm in part, reverse in part, and remand for an evidentiary hearing.

---

[1] All rule references are to the Missouri Supreme Court Rules (2016).

**Factual and Procedural Background**

The State charged Movant, as a prior and persistent offender, with one count of robbery in the first degree, a class A felony. Movant pleaded guilty to the charge. At the plea hearing, the plea court questioned Movant to confirm he was able to comprehend the proceedings. Movant acknowledged that he understood he was charged with first-degree robbery, that his plea counsel had explained the charge to him so that he understood it, and that his plea counsel had advised Movant on his decision to plead guilty. The plea court confirmed that Movant understood his guilty plea constituted a waiver of his right to a jury trial, and that he was giving up his opportunity to be represented at trial by counsel, to present evidence, and to call and cross-examine witnesses. Movant also acknowledged that he could not be convicted at a jury trial unless the jury unanimously found him guilty beyond a reasonable doubt. The plea court also confirmed that Movant understood he could not be compelled to testify at trial. Movant expressed his understanding that by pleading guilty he was waiving his right to a trial and to a subsequent appeal.

The prosecutor stated the evidence would prove beyond a reasonable doubt that Movant "forcibly stole U.S. Currency" from a bank teller and "threatened the immediate use of a dangerous instrument." The prosecutor then recited the following facts:

> [O]n April 8, 2015, [Movant] entered the Lindell Bank on North Grand at three in the afternoon. He approached the teller, initially saying he wanted to cash a check; but he then pushed a note towards the teller that instructed him to give him all the money or he'll shoot. The teller gave [Movant] approximately $1,400. After receiving the money, [Movant] told the teller, "Don't do anything; I know where you live" and left the bank. Police got surveillance and ultimately got a CrimeStoppers tip that [Movant] was responsible. [Movant] was arrested. He was questioned by police and confessed to having committed this crime, indicating he needed the money to buy heroin. He was also picked by the victim teller out of a photo lineup.

The transcript then reflects the following exchange between the plea court and Movant:

2

[Plea court]: Mr. Wyatt, is what the Circuit Attorney said true?
[Movant]: Yes, ma'am.
[Plea court]: Did you do what the Circuit Attorney said you did?
[Movant]: Yes, ma'am.
[Plea court]: Did it happen the way the Circuit Attorney said it happened?
[Movant]: Everything but the forcible thing. Other than that, yes, ma'am.
(At this time the defendant had a discussion with his counsel off the record.)
[Movant]: Yes, ma'am.

The plea court later confirmed with Movant his intent to plead guilty:

[Plea court]:  How do you now plead to the charge Robbery in the First Degree, guilty or not guilty?
[Movant]:  Guilty.
[Plea court]:  Are you pleading guilty of your own free will?
[Movant]:  Yes, ma'am.

The plea court then questioned Movant as to the effectiveness of his plea counsel.  Movant confirmed that his plea counsel had answered his questions, done what he had asked him to do, and had fully explained Movant's rights to him.  The plea court then asked Movant if he had any complaints about his plea counsel, and Movant responded, "No, ma'am."  Movant also confirmed that his plea counsel had not made any threats or promises to make him plead guilty.  The plea court accepted Movant's guilty plea and sentenced him as a persistent offender to ten years in prison.

Movant filed a *pro se* Rule 24.035 motion seeking post-conviction relief, and appointed counsel filed an amended motion.  Movant alleged the plea court erred in accepting his guilty plea because it did not ensure he understood the nature of the charge and did not obtain his "unequivocal admission" as to the charge's "factual requisites."  Movant also alleged his plea counsel was ineffective for failing to advise Movant that he could proceed to trial with the defense that he was guilty of a lesser included offense—either the class B felony of robbery in the second degree or the class C felony of stealing.  The motion court denied Movant's amended motion without an evidentiary hearing.  This appeal follows.

3

**Standard of Review**

Our review of the denial of a Rule 24.035 motion is limited to a determination of "whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Cooper v. State*, 356 S.W.3d 148, 152 (Mo. banc 2011).

To be entitled to an evidentiary hearing, a movant "must (1) allege facts, not conclusions, that, if true, would warrant relief; (2) the facts alleged must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to [the movant]." *Stanley v. State*, 490 S.W.3d 389, 392 (Mo. App. E.D. 2016). "An evidentiary hearing is not required if the files and records of the case conclusively show that [the movant] is entitled to no relief." *Id.*

**Discussion**

**Point I**

In his first point, Movant argues the motion court clearly erred in denying his amended motion without an evidentiary hearing "because the plea court erred in accepting his guilty plea without obtaining his unequivocal admission of the factual requisites" of the charge. According to Movant, the transcript of the plea hearing "shows that he lacked awareness of the nature and elements of the charge of robbery in the first degree." We disagree.

A plea of guilty is constitutionally valid only if the defendant enters the plea voluntarily and intelligently. *Booker v. State*, 552 S.W.3d 522, 527 (Mo. banc 2018). "On appeal, a reviewing court examines whether the case record, as a whole, supports a finding that the plea was knowingly

4

and voluntarily entered." *Bibbs v. State*, 597 S.W.3d 397, 402 (Mo. App. E.D. 2020). "[A] sufficient factual basis is not constitutionally required." *Booker*, 552 S.W.3d at 528. "Rather, the factual basis serves as a safeguard to the 'defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" *Id.* (quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969)). "Therefore, while a sufficient factual basis can be an important factor in a voluntariness determination, whether a plea is knowing and voluntary is determined from the record as a whole." *Id.*

Movant first complains that the plea court "did not personally inform [him] of the nature of the charge . . . and ensure that he understood the charge" and instead simply questioned him as to whether his plea counsel had explained the charge to him so he understood it. Rule 24.02 sets forth the required procedure for guilty pleas, which "assists the plea court in determining whether the plea is voluntary[ily], intelligently, and knowingly made." *Id.* at 527. Under Rule 24.02(b), the court must personally address the defendant to ensure that he or she understands (1) the nature of the charge, including the mandatory minimum and maximum penalties, (2) the right to counsel, (3) the rights to a trial, to confront and cross-examine witnesses, and against self-incrimination, and (4) that all trial rights are waived by a guilty plea. Rule 24.02(c) requires the court to confirm the plea is voluntary by personally addressing the defendant to ensure the plea is not the result of force or threats apart from a plea agreement. Additionally, Rule 24.02(c) requires the court to inquire as to whether the defendant's willingness to plead guilty results from discussions between the defendant or defendant's counsel and the prosecutor.

The transcript of the plea hearing refutes Movant's claim that the plea court failed to follow the requirements of Rule 24.02. The plea court personally addressed Movant and engaged in

extensive questioning of him in compliance with Rule 24.02, "ma[king] a personal determination as to [Movant's] understanding of the waiver and the voluntariness of the plea." *State v. Taylor*, 929 S.W.2d 209, 216 (Mo. banc 1996).

The transcript also refutes Movant's claims that he did not understand the element of force necessary to sustain a conviction for first-degree robbery and that "the plea court erred in accepting his guilty plea without obtaining his unequivocal admission of the factual requisites" of the charge. Under section 569.020.1,[2] "[a] person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime . . . (3) Uses or threatens the immediate use of a dangerous instrument against any person." As noted, the prosecutor recited the facts the State intended to prove at trial, including the allegation that Movant had acted forcibly by giving a note to the bank teller threatening to shoot him if he did not give Movant money. The plea court then questioned Movant as to whether the prosecutor's description of events was accurate. Movant responded affirmatively that the prosecutor's statement of facts was true, and that Movant had done what the prosecutor "said [he] did." When asked if "it happen[ed] the way the [prosecutor] said it happened," Movant initially responded, "Everything but the forcible thing. Other than that, yes, ma'am." But after conferring with plea counsel, Movant concluded his response to the question by unequivocally stating, "Yes, ma'am," indicating that he did, despite his earlier statement, agree with the prosecutor's allegations, including that Movant used a threatening note. With this ultimate response, Movant confirmed that he had committed first-degree robbery with the requisite force. *See Bibbs*, 597 S.W.3d at 403.

Movant nevertheless contends he was entitled to an evidentiary hearing because his amended motion alleged that he did not understand the element of force necessary to sustain a

---

[2] All statutory references are to RSMo (2000), unless otherwise indicated.

6

conviction for first-degree robbery. According to Movant, his "equivocation" as to the element of force showed he lacked awareness of the nature and elements of the charge and, therefore, the plea court should have either explicitly ensured he understood the element or not accepted his guilty plea. Again, the transcript shows Movant concluded the exchange by unequivocally agreeing to the prosecutor's recitation of the facts of the case, which included the allegation that Movant had acted forcibly. The plea court ensured that Movant understood the nature of the proceedings and that he understood the charge to which he was pleading guilty. The plea court was not required to explain every element of the charge to Movant. *See Cafferty v. State*, 453 S.W.3d 791, 795-96 (Mo. App. W.D. 2014). And Movant's subjective belief as to what constitutes the legal element of force is not enough to entitle him to an evidentiary hearing. *See Bibbs*, 597 S.W.3d at 403. The motion court did not clearly err in denying this claim without an evidentiary hearing. Point I is denied.

**Point II**

In his second point, Movant argues the motion court clearly erred in denying without an evidentiary hearing his claim that his plea counsel was ineffective for failing to advise Movant that he could proceed to trial with the defense that he was only guilty of a lesser-included offense. According to Movant, but for his plea counsel's ineffectiveness, he would not have pleaded guilty and would have insisted on going to trial. Because this claim was not refuted by the record, we conclude the motion court clearly erred in denying Movant an evidentiary hearing.

To receive post-conviction relief for a claim of ineffective assistance of counsel, a movant must prove that (1) counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would exercise in a similar situation, and (2) that counsel's failure resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the guilty plea context, if a

7

movant establishes that counsel's performance was deficient, he or she must also prove there is a reasonable probability that, but for counsel's ineffectiveness, he or she would not have pleaded guilty and would have demanded a trial. *Savage v. State*, 114 S.W.3d 455, 457 (Mo. App. E.D. 2003). If a movant fails to satisfy either the performance prong or the prejudice prong of the *Strickland* test, his or her claim fails, and it is not necessary for a reviewing court to address the other prong. *Bradley v. State*, 292 S.W.3d 561, 565 (Mo. App. E.D. 2009).

In his amended motion, Movant alleged that his plea counsel failed to discuss with him the possibility of proceeding to trial with the defense theory that Movant was guilty of a lesser-included offense—either (1) the class B felony of robbery in the second degree, which does not require a showing that the accused threatened the immediate use of a dangerous instrument, or (2) the class C felony of stealing, which does not require proof of any use of force. *See* sections 569.030.1 and 570.030.1 (Cum. Supp. 2013). Movant contends that the note he gave the teller did not contain a threat and that he did not fully understand the elements of and defenses to the charge.

A guilty plea may be rendered unknowing and involuntary when plea counsel fails to advise a defendant of possible defenses. *Bequette v. State*, 161 S.W.3d 905, 908 (Mo. App. E.D. 2005).

> While [plea] counsel may ultimately advise a defendant to plead guilty based on the circumstances in a given case, counsel still has the basic duty to discuss the circumstances and possible consequences of entering a plea, including possible defenses to the offense charged, in order to ensure that the defendant makes an informed and intelligent decision about waiving the right to trial.

*Wiggins v. State*, 480 S.W.3d 379, 383 (Mo. App. E.D. 2015).

This Court has on several occasions addressed the circumstances in which an evidentiary hearing is required when a Rule 24.035 motion alleges that the movant's guilty plea was not knowing and voluntary because counsel was ineffective for failing to advise about the potential

8

applicability of lesser-included offenses. The question in such cases is whether the movant's claim is refuted by the record. In *Wiggins*, the court reversed the motion court's denial of an evidentiary hearing as to the movant's claim that his plea counsel was ineffective for failing to advise him of the defense that he was guilty of voluntary manslaughter and not second-degree murder. 480 S.W.3d at 385. The court stressed that the transcript of the plea hearing showed the plea court did not ask the movant whether his attorney had explained any available defenses to him or if his attorney had fully advised him as to all aspects of the case. *Id.* An evidentiary hearing was not required, however, in *Whitehead v. State*, 481 S.W.3d 116, 125 (Mo. App. E.D. 2016), because the movant testified during his guilty plea that his attorney had "explained each of these charges to [him] and discussed any possible defenses that might be available." Similarly, in *Muhammad v. State*, 367 S.W.3d 659, 662 (Mo. App. E.D. 2012), the court held an evidentiary hearing was not necessary because the movant agreed during his guilty plea that "defense counsel fully explained to him the nature of the charges and the elements of those charges," and "that defense counsel had also explained any possible defenses."

This Court was faced with a closer call in *Jackson v. State*, 615 S.W.3d 873 (Mo. App. E.D. 2021), where the motion court denied an evidentiary hearing even though the movant had not testified at the plea hearing that his counsel had discussed with him possible defenses to the charge. *Id.* at 878. Acknowledging that the record was "scant," the *Jackson* court nevertheless affirmed the denial of an evidentiary hearing because the transcript of the plea hearing showed the movant admitted that his counsel had advised him of "all legal aspects of [his] case." *Id.* The court reasoned that the discussion of "all legal aspects" necessarily included possible defenses. *Id.* On that basis, the court held that the record was sufficient to refute the movant's claim that his counsel

9

had not discussed a possible defense involving a lesser-included offense and, therefore, an evidentiary hearing was not required. *Id*. at 878-79.

Here, Movant testified at the plea hearing that he knew he was pleading guilty to first-degree robbery, that plea counsel had fully explained to him the nature of the charge and had answered all of his questions about it. The record further indicates that Movant expressed satisfaction with the services rendered by plea counsel. There is nothing in the record, however, to refute Movant's claim that his plea counsel was ineffective for failing to advise him about a potential defense based on the applicability of lesser-included offenses. Unlike the transcripts at issue in *Whitehead* and *Muhammad*, the transcript of the plea hearing in this case does not include testimony from Movant that his plea counsel had discussed possible defenses with him. And, unlike *Jackson*, the transcript does not contain a broad statement that plea counsel had discussed "all legal aspects" of the case with Movant. In determining whether the motion court clearly erred in denying this claim without an evidentiary hearing, we must take the facts Movant alleged in his amended motion as true. *See Wiggins*, 480 S.W.3d at 385. Those facts are not refuted by the record. Although it is possible that Movant's plea counsel discussed the applicability of lesser-included offenses with him, there is no way to know without an evidentiary hearing. *See id*.

In his amended motion, Movant alleged he was prejudiced because, had his plea counsel advised him of a potential defense based on lesser-included offenses, he would not have pleaded guilty and would have instead proceeded to trial. Again, without the benefit of an evidentiary hearing, we must take Movant at his word. *See id*. Because this claim is not refuted by the record, the motion court clearly erred in denying it without an evidentiary hearing. Point II is granted.

10

## Conclusion

With regard to Movant's claim that his plea counsel was ineffective for failing to advise him as to lesser-included offenses, we reverse the motion court's judgment and remand for an evidentiary hearing. The judgment is otherwise affirmed.

_____
MICHAEL E. GARDNER, Chief Judge

Kurt S. Odenwald, J., concurs.
John P. Torbitzky, J., concurs.

11