Rasheed **MUHAMMAD**, Appellant,

v.

**STATE of Missouri**, Respondent.

**No. ED 97057.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 12, 2012.

Amy Faerber, Assistant Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Chief Judge.

*Introduction*

Rasheed Muhammad (Muhammad) appeals from the motion court's denial without an evidentiary hearing of his motion for post-conviction relief. Muhammad pleaded guilty to one count of second-degree murder and one count of armed criminal action in exchange for a favorable sentencing recommendation by State. Muhammad now argues that his defense counsel's failure to advise him of a potentially available defense and the possibility of conviction on a lesser-included charge rendered involuntary his guilty plea and the associated sentences he received. Because the record clearly indicates that Muhammad voluntarily and knowingly en-

tered a plea of guilty, we affirm the judgment of the motion court.

### Factual and Procedural History

On November 26, 2008, Muhammad pleaded guilty to second-degree murder and armed criminal action in the death of Djuan Rives (Rives). During the plea hearing, State recited the evidence it would have presented if the case had advanced to trial as follows. On July 2, 2007, Muhammad was involved in a verbal altercation with Rives, and at least seven other individuals. After the verbal altercation, Rives slipped and fell into Muhammad. In full view of a large number of witnesses, Muhammad drew a 9 millimeter Jennings pistol and shot Rives once in the chest, killing him. Multiple witnesses observed Muhammad throw the pistol into a dumpster and flee the scene. Witnesses informed the police of the location of the gun and provided a description of Muhammad. Police arrested Muhammad and he was charged with second-degree murder and armed criminal action.

Muhammad pleaded guilty to second-degree murder and armed criminal action in a blind plea. Muhammad entered his plea in exchange for State's recommendation of two concurrent 25–year sentences, and with the understanding that he would be permitted to argue for a reduction in those sentences following a sentencing assessment report. At the plea hearing Muhammad testified that defense counsel fully advised him of the nature of the charges against him and any possible defenses to the charges. At the sentencing hearing Muhammad again testified that he was satisfied with defense counsel's performance. Muhammad was sentenced to two concurrent 25–year sentences.

Muhammad timely filed a Rule 24.035 [1] motion for post-conviction relief arguing that his guilty plea and the sentences he received should be set aside because defense counsel promised Muhammad he would receive a lesser sentence. Muhammad also averred that defense counsel failed to inform him that he could assert self-defense at trial, and possibly could have been convicted of a lesser-included offense to second-degree murder. The motion court issued findings of fact and conclusions of law denying Muhammad's motion without conducting an evidentiary hearing. In its judgment, the motion court only addressed Muhammad's first point. Muhammad appealed the motion court's judgment on grounds that the motion court failed to address the second point of Muhammad's motion: that defense counsel was ineffective for failing to advise him of possible defenses and lesser-included offenses. In *Muhammad v. State*, 320 S.W.3d 727, 729 (Mo.App. E.D. 2010), this Court remanded Muhammad's motion for postconviction relief with instructions that the motion court enter findings on the issue of whether defense counsel was ineffective in failing to advise Muhammad of relevant defenses and lesser-included offenses. The motion court entered an amended judgment with the requisite findings and denied Muhammad's motion as to defense counsel's failure to advise Muhammad of relevant defenses and lesser-included offenses. This appeal follows.

### Point on Appeal

In his sole point on appeal, Muhammad argues that the motion court erred in denying his motion for post-conviction relief without an evidentiary hearing because he alleged facts, not refuted by the record, which entitle him to relief. Specifically, Muhammad contends that his defense counsel's failure to advise him of the possible defense of self-defense or conviction of

---

1. All rule references are to Mo. R.Crim. P.2009 unless otherwise indicated.

a lesser-included offense to second-degree murder rendered his guilty plea involuntary and unknowing.

### Standard of Review

Appellate review of a motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court were clearly erroneous. Rule 24.035; *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). The motion court's findings and conclusions are presumptively correct and will be overturned only when this Court is left with a "definite and firm impression that a mistake has been made" after reviewing the entire record. *Vaca v. State,* 314 S.W.3d 331, 334 (Mo. banc 2010).

### Discussion

■ Muhammad argues that his guilty plea was involuntary and unknowing because defense counsel failed to inform him of the possibility of conviction on a lesser-included offense to second-degree murder, or asserting self-defense at trial.

■ A claim of ineffective assistance of counsel requires the movant show that defense counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would have shown under similar circumstances. *Bequette v. State,* 161 S.W.3d 905, 906 (Mo.App. E.D. 2005). This Court begins its review with the strong presumption that defense counsel's performance was reasonable. *Id.* A claim of ineffective assistance of counsel following a guilty plea is irrelevant except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made. *Id.* at 907. A plea was knowingly entered if the movant had "sufficient awareness of the relevant circumstances and likely consequences of the act." *Id.* (citation omitted).

At Muhammad's plea hearing, the following discussion occurred on the record:

Court: Has your attorney fully explained the nature of the charges pending against you?

Muhammad: Yes, sir.

Court: Has she explained the elements that make up the crime and any possible defenses you might have?

Muhammad: Yes, sir.

. . .

Court: Has your attorney refused to comply with any of your requests?

Muhammad: No.

Court: Has your attorney answered all the questions you may have had in reference to the charges pending before this Court?

Muhammad: Yes, sir.

Court: Have you been given enough time to discuss your case with your attorney?

Muhammad: Yes, sir.

Court: Do you have any complaints or criticisms of [defense counsel] and her representation of you?

Muhammad: No, sir.

Court: Do you know of anything she could have done that she hasn't?

Muhammad: No, sir.

Court: Did you give her a list of any witnesses to interview in reference to any possible defense or defenses you might have to the charges in this court?

Muhammad: No, sir.

Court: Is it your belief that your attorney has investigated the circumstances surrounding this case to your complete satisfaction?

Muhammad: Yes, sir.

Court: Do you believe you have been fully advised by your attorney as to all aspects of your case, including your legal rights and the possible consequences of your plea?

Muhammad: Yes, sir.

Court: Do you believe your attorney has adequately, completely, and effectively represented you in your defense to these charges?

Muhammad: Yes, sir.

During sentencing, the trial court again questioned Muhammad regarding the adequacy of the representation he received:

Court: Before you entered your plea of guilty, did you have sufficient opportunity to discuss your case with [defense counsel] before you entered your plea of guilty?

Muhammad: Yes, sir.

Court: During the representation, did [defense counsel] do those things that you asked them to do before you entered your plea of guilty?

Muhammad: Yes, sir.

Court: And prior to your plea of guilty, did [defense counsel] refrain from doing those things you told her not to do?

Muhammad: No, sir.

. . .

Court: Are you satisfied with the services rendered to you by [defense counsel] as your attorneys whether or not you are satisfied with the outcome of this case, which is you are going to the penitentiary for 25 years?

Muhammad: Yes, sir.

Muhammad first argues that counsel's alleged failure to advise him of relevant defenses and the nature of the offense is a factual issue, not refuted by the record. We disagree. Muhammad testified before the plea court that defense counsel fully explained to him the nature of the charges and the elements of those charges. Muhammad specifically stated that defense counsel had also explained any possible defenses. Muhammad also testified that he believed he had been fully advised of all aspects of his case and possible consequences of his guilty plea. During sentencing, again, Muhammad reaffirmed that he was satisfied with the services rendered by defense counsel. The record, therefore, clearly demonstrates that defense counsel fully advised Muhammad of the nature of the charges and defenses to those charges. The record further indicates that Muhammad expressed satisfaction with the services rendered by defense counsel and that defense counsel advised Muhammad of the circumstances relevant to his guilty plea.

Muhammad suggests that his repeated assertions that he understood the nature and implications of his plea are irrelevant to his claim of inadequate assistance of counsel because he was unaware that defense counsel had failed to advise him of the existence of the defense of self-defense or the possibility of conviction on a lesser-included offense to second-degree murder. To support his argument, Muhammad cites *Bequette v. State*, 161 S.W.3d 905 (Mo.App. E.D.2005). In *Bequette*, this Court held a movant's testimony to the plea court, which facially demonstrated that a guilty plea was made knowingly and voluntarily, was not dispositive on such issues when the movant alleged in his pleadings that, at the time of the plea, he was unaware of deficiencies of defense counsel's performance. We held that the movant in *Bequette* was entitled to an evidentiary hearing on his motion for post-conviction relief to determine whether movant knowingly pleaded guilty to criminal non-support of his minor children. There, movant alleged his defense counsel failed to inform him that any in-kind contributions to his children could serve as a defense to the charge that he failed to make the required monetary contributions. *Bequette*, 161 S.W.3d at 908.

Muhammad contends that this Court must similarly disregard his repeated statements that facially demonstrate Muhammad understood the nature of the charges and the consequences of his guilty plea because at the time he entered his

plea he was unaware that defense counsel had failed to properly advise him of the defense of self-defense and failed to inform him that he possibly might be convicted on a lesser-included offense. We disagree.

*Bequette* is distinguishable from the facts of this case. In *Bequette* we concluded that there existed a substantial probability that the movant was not aware that in-kind support of his children constituted a defense to criminal non-support for failure to make monetary contributions. *See id.* The defense of in-kind contributions is highly technical and requires knowledge of the relevant law beyond that of which a lay person would ordinarily be aware. *See* Section 568.040. Here, Muhammad claims that he did not knowingly and voluntarily enter a guilty plea because his defense counsel did not inform him that he had available to him the defense of self-defense, or that he possibly could have been convicted of lesser-included charges to second-degree murder, such as manslaughter. We are not persuaded by Muhammad's argument. Self defense is not a technical or sophisticated legal defense that is beyond the knowledge of a lay person. Similarly, we are not persuaded that the possibility of being convicted of a lesser offense to second-degree murder is beyond the realm of knowledge of a lay person. These defenses do not require the level of specialized legal knowledge as we found in *Bequette*, but are commonly known legal principles. Unlike *Bequette*, the record before us does not support the conclusion that Muhammad was unaware of the basic principles of self-defense or the concept of lesser-included offenses at the time he pleaded guilty and expressed satisfaction with his counsel's performance. Rather, the record clearly shows that Muhammad testified that he was informed of the relevant defenses, the nature and elements of the offenses charged, and elected to plead guilty in exchange for a specific plea recommendation by State. Therefore, we cannot conclude, as we did in *Bequette*, that Muhammad's claims are not refuted by the record, thereby entitling Muhammad to an evidentiary hearing on his motion. To the contrary, the record clearly refutes Muhammad's claims that he lacked sufficient awareness of the relevant circumstances of his plea due to defense counsel's failure to advise Muhammad of commonly known principles of law.

Muhammad has failed to overcome the strong presumption that defense counsel's performance was reasonable. The record clearly demonstrates that Muhammad understood the nature of the charges, the available defenses, and was sufficiently aware of the relevant circumstances of his plea. Accordingly, we hold that the motion court did not clearly err in finding that Muhammad's claims for post-conviction relief were refuted by the record, and affirm the judgment of the motion court.

### , *Conclusion*

The judgment of the motion court denying Muhammad's motion without an evidentiary hearing is affirmed.

PATRICIA L. COHEN, and ROBERT M. CLAYTON III, J., Concurs.