

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | |
|---|---|
| EARON RIVERS, | ) ED103632 |
| | ) |
| Appellant, | ) Appeal from the Circuit Court |
| | ) of St. Louis County |
| v. | ) 15SL-CC01094 |
| | ) |
| STATE OF MISSOURI, | ) Honorable Michael D. Burton |
| | ) |
| Respondent. | ) Filed: September 20, 2016 |

## Introduction

Earon Rivers (Movant) appeals the motion court's judgment denying, without an evidentiary hearing, his motion under Rule 24.035[1] to vacate, set aside, or correct the judgment and sentence (Rule 24.035 Motion) after his plea of guilty. We affirm.

## Background

On November 7, 2014, Movant entered a blind plea of guilty to second-degree murder, first-degree robbery, and two counts of armed criminal action. The factual basis underlying Movant's plea was as follows.

The prosecuting attorney recited the State's evidence, stating it would show that Movant acted with others to commit the charged crimes on November 5, 2012.

---

[1] All rule references are to Mo. R. Crim. P. (2015), unless otherwise indicated.

Specifically, the State recounted that a person using Movant's cell phone made a call to Imo's Pizza and ordered three pizzas for delivery to an address two blocks away from Movant's residence. A driver named Brian Johnson (Victim) delivered the pizzas to the address. Victim was shot and killed at that address, and the pizzas were stolen.

When Victim's employer discovered he was missing, the employer called the police, who found Victim in his car. The police obtained the phone number used to place the order and discovered Movant's address was the billing address for the cell phone. Police went to Movant's residence, and the person who answered the door let them in. They found Movant sleeping in the basement, and an Imo's pizza box was nearby. They asked for consent to search the premises for additional evidence and eventually obtained consent from the owner of the house. The police found an additional two Imo's pizza boxes, as well as a gun under the mattress where Movant had been sleeping. They later tested the gun for fingerprints and found Movant's fingerprints. Movant also consented to a search of his phone, and they found a call placed to Imo's in the list of outgoing calls on the phone. Police also later matched the bullet recovered from Victim to the gun seized from Movant's residence.

Movant eventually admitted to police that he was involved in the robbery and had placed the call to Imo's to order the pizzas, but Movant insisted he did not shoot Victim. Movant told police he stood back from the robbery as a lookout. Movant said he heard a gunshot, and then all of the people involved retreated to Movant's residence, where they ate the pizza. Movant said he never intended for anyone to get hurt. The State concluded by saying that Movant "didn't really have an explanation how the gun came back into his possession[, b]ut he did admit that he knew that a gun was going to be used in this robbery."

2

The plea court accepted Movant's guilty plea and ordered a sentencing assessment report (SAR). The plea court held a sentencing hearing on January 15, 2015, after which it sentenced Movant to concurrent terms of 25 years' imprisonment on each charge.

Movant timely filed a *pro se* motion under Rule 24.035, and later his amended Rule 24.035 Motion through counsel. His motion alleged that his plea counsel was ineffective for advising Movant that he would receive a sentence of 18 to 20 years, but no more than 20 years, if he pled guilty and left sentencing up to the plea court. He argues that his reliance on his plea counsel's advice was reasonable, and that such reliance rendered his plea involuntary. The motion court denied Movant's motion without an evidentiary hearing, finding Movant's claims were conclusively refuted by the record. This appeal follows.

## Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); see also Weeks v. State, 140 S.W.3d 39, 44 (Mo. banc 2004). A motion court is not required to grant an evidentiary hearing unless: (1) the movant pleads facts that if true would warrant relief; (2) the facts alleged are not refuted by the record; and (3) the matter complained of resulted in prejudice to the movant. Dorsey v. State, 115 S.W.3d 842, 844-45 (Mo. banc 2003).

Where there is a plea of guilty, a claim of ineffective assistance of counsel is immaterial "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." Worthington v. State, 166 S.W.3d 566, 573 (Mo. banc 2005). If an examination of the guilty plea proceedings directly refutes a movant's claim

3

that his plea was involuntary, then the movant is not entitled to an evidentiary hearing. Guynes v. State, 191 S.W.3d 80, 83 (Mo. App. E.D. 2006).

Discussion

Movant's sole point on appeal is that the motion court clearly erred in denying Movant's motion without an evidentiary hearing because his motion alleges unrefuted facts showing his guilty plea was involuntary. We disagree.

Movant argues he held a reasonable belief that he would receive a sentence of no greater than 20 years, based on assurances by his plea counsel, and that this belief induced him to plead guilty. "A mistaken belief about sentencing affects a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and is based upon a positive representation upon which the movant is entitled to rely." Kennell v. State, 209 S.W.3d 504, 508 (Mo. App. E.D. 2006). However, "[w]here there is no reasonable basis for the movant's belief in light of the guilty plea record, the movant is not entitled to relief." Id. (quoting Krider v. State, 44 S.W.3d 850, 857 (Mo. App. W.D. 2001)). "Neither a disappointed expectation of a lesser sentence, nor a mere prediction as to sentencing by counsel that proves incorrect, is sufficient to render a guilty plea involuntary." Lynn v. State, 417 S.W.3d 789, 801 (Mo. App. E.D. 2013) (quoting Gold v. State, 341 S.W.3d 177, 181 (Mo. App. S.D. 2011)).

Movant's statements during the plea and sentencing proceedings directly refute the factual allegations in his Rule 24.035 Motion, and the guilty plea record confirms that any subjective belief Movant held about receiving no more than 20 years was unreasonable. At the plea hearing, the State recited the ranges of punishment for the four charges. For the charge of second-degree murder, the range of punishment was 10-30 years or life

4

imprisonment; for first-degree robbery, 10-30 years or life imprisonment; and for armed criminal action, a minimum of three years with an unlimited maximum. Following this, the plea court conducted the following colloquy with Movant:

> Q: All right. Do you understand that to be the ranges of punishment . . . ?
>
> A: Yes, sir.
>
> Q: Do you understand that those are the ranges that I must consider in making my determination in several months as to your sentence?
>
> A: Yes, sir.
>
> Q: Has anyone made any sort of promises, sir, or threats to get you to plead guilty?
>
> A: No, sir.
>
> Q: And do you understand, sir, that if anyone has made any kind of promise to you, it doesn't mean anything to me. The bottom line here is that the decision about your sentence is up to me and me alone. I'm not bound by any sort of promises that anyone else has made. Do you understand that?
>
> A: Yes, sir.

The plea court then asked Movant some questions regarding his counsel's performance, and Movant agreed that he had discussed his case fully with plea counsel, counsel had explained Movant's rights and what would happen as a result of his plea, counsel had answered all of Movant's questions, and that Movant had no complaints and was fully satisfied with his counsel's services.

Later, at Movant's sentencing hearing, the plea court heard testimony from Victim's family, as well as argument from the State and from Movant's plea counsel. The State asked the plea court to impose the maximum sentence, and Movant's plea counsel

5

asked the court for a sentence of 18 years. The plea court sentenced Movant to concurrent terms of 25 years for each of the four charges. After this, the plea court inquired regarding counsel's representation, and Movant responded as follows:

> Well, from my understanding, I wasn't supposed to get over 20 years, that is what [counsel] told me.

Shortly after this, to his counsel, Movant made the following statement:

> You are a man though. You need to own up to what you told me. You told me I wasn't supposed to get over 20 years.

The plea court inquired further of Movant regarding his counsel's performance:

> Q: When talking to [counsel], did you talk with him about the possibility of going to trial in this case?
>
> A: Yes, sir.
>
> . . .
>
> Q: Okay. And did you talk to him about the risks that you ran if you were to go to trial?
>
> A: Yes, sir.
>
> Q: Did you talk to him about the fact that you could have been looking at life sentences on all of those cases?
>
> A: Yes, sir.

Given all these facts, the guilty plea record reflects that Movant understood that his sentence was in the court's hands alone and that he could receive up to four life sentences. Movant did not inform the court of any promises regarding his sentence when asked by the court, nor did Movant indicate any complaint with his attorney's performance before the plea court announced its sentence. Movant complained only when the sentence did not match his understanding, but his complaint reflects that Movant's attorney merely predicted the sentence Movant would receive. See Lynn, 417 S.W.3d at 801. We see no reasonable basis in the record for Movant's belief that Movant would receive a sentence

6

no greater than 20 years, after being reminded by the court that it can pronounce any sentence within the range of punishment regardless of any promise by anyone else.

Thus, Movant's motion does not allege unrefuted facts establishing his guilty plea was involuntary. The motion court did not clearly err in denying Movant's motion without an evidentiary hearing. Point denied.

## Conclusion

The judgment of the motion court is affirmed.

_____
Gary M. Gaertner, Jr., Judge

James M. Dowd, P. J., concurs.
Kurt S. Odenwald, J., concurs.

7