

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| JULIUS WHITE, | ) | No. ED110214 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 1722-CC00299 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Scott A. Millikan |
| | ) | |
| Respondent. | ) | Filed: November 1, 2022 |

### Introduction

Julius White appeals the motion court's judgment denying his amended Rule 24.035 motion for post-conviction relief following an evidentiary hearing.[1] White pleaded guilty to two counts of first-degree robbery, two counts of armed criminal action, and three counts of resisting arrest. He was sentenced to a total of 17 years in prison. On appeal, White argues the motion court erred in denying his amended motion because plea counsel was ineffective for misinforming White that he would receive a sentence of ten years. We affirm the judgment of the motion court.

### Background

---

[1] All Rule references are to the Missouri Supreme Court Rules (2021), unless otherwise indicated.

On January 6, 2017, White pleaded guilty to a total of seven charges for incessant criminal conduct in the City of St. Louis spanning the months of September, October, and November 2014. At the plea and sentencing hearing, the sentencing court stated multiple times that White would receive a sentence of 17 years in prison, and White consistently expressed his understanding:[2]

> The Court: The State is recommending 20 years in the Missouri Department of Corrections. I've indicated to your lawyer, and I've indicated to you that the court is prepared to allow you to plead guilty to 17 years in the Missouri Department of Corrections. These sentences carry – the robbery carries 85 percent. So whatever I give you, you're going to do 85 percent. Give you 17, you're going to do 85 percent of the 17 before you're eligible to sit before a parole board. I just want to make sure you understand that. Is that clear to you?
>
> White: Yes, your Honor.
>
> The Court: Did you want to plead guilty?
>
> White: Yes, sir.
>
> …
>
> The Court: If your lawyer did something wrong, or you think I did something wrong, or I didn't have jurisdiction or authority to do what I'm doing, like sentencing you to 17, or your lawyer was ineffective, then you're going to have a right to raise that issue later. But in terms of pleading guilty now, I just want to make sure that we're perfectly clear on this.
>
> White: Yes, sir.

---

[2] The Honorable Jimmie Edwards was the sentencing court.

The Court: That you know what you're doing?

White: Yes, sir.

…

The Court: I told you I was going to give you 17; is that correct?

White: Yes, sir.

The Court: And I was going to run it concurrent with the sentence that I'm going to give you on the robbery case that you were found guilty on in my courtroom; is that correct?

White: That's correct.

…

The Court: If you want the 17, take the 17 . . . .

White: Yes, sir.

The Court: You still want to plead guilty?

White: Yes, sir.

White also denied that any threats or promises were made to him to get him to plead guilty. He confirmed that he was entering his guilty plea voluntarily. Finally, White affirmed that plea counsel did everything White had asked him to do and that White was satisfied with counsel's services.

The sentencing court accepted White's guilty plea. The court then sentenced White to 17 years in prison on each count of first-degree robbery and armed criminal action, and four years on each count of resisting arrest. The court ran all of those sentences concurrently with each other, and with a seven-year sentence on another robbery count for which White was convicted in a separate trial, for a total sentence of 17 years in prison. The court entered judgment the same day.

Less than three weeks later, on January 26, 2017, White timely filed his *pro se* Rule 24.035 motion to vacate, set aside, or correct the judgment. On January 31, 2017, post-conviction counsel was appointed. The transcript of the guilty plea and sentencing hearing was not filed until more than four years later, on March 12, 2021. Post-conviction counsel filed an amended Rule 24.035 motion on March 14, 2021.

The amended motion asserted that plea counsel was ineffective for misinforming White that he would receive concurrent sentences of only ten years. The motion alleged that, had White known he would receive 17 years, he would not have pleaded guilty and would have gone to trial instead.

The motion court held an evidentiary hearing on White's amended motion on October 15, 2021. White's plea counsel testified that he discussed with White the options of a plea deal or going to trial. They mutually concluded White would likely be convicted if he went to trial in light of the State's evidence against him. Thus, White and plea counsel decided to pursue a plea deal with the hope of obtaining a lighter sentence for White. Plea counsel testified that he never told White he would receive a sentence of only ten years. Ten years was the minimum sentence, and the State would not go that low because it had very strong evidence against White, including video footage and reliable witnesses. Plea counsel explained that he intended to start plea negotiations at ten years, anticipating that offer would be rejected. He testified that the sentencing court subsequently stated during discussions in chambers that it was planning to give White 17 years. Plea counsel informed White that he would receive 17 years on the felony charges with concurrent sentences of four years on the lesser charges. He reiterated that he never informed White that he would receive a ten-year sentence.

White also testified at the motion hearing. He alleged that plea counsel informed him that he would receive ten years. White insisted that he was never told about the possibility of a 17-year sentence. He testified that, at the time of his plea, he expected to receive concurrent ten-year and seven-year sentences. White claimed that, had he known he would receive a 17-year sentence, he would not have pleaded guilty and would have gone to trial.

On November 8, 2021, the motion court entered its findings of fact, conclusions of law, and order denying White's amended Rule 24.035 motion. The motion court concluded that White's claim was without merit, as the record showed that White voluntarily entered his guilty plea knowing he would receive a 17-year sentence. Specifically, the court found that the 17-year sentence was discussed multiple times during the plea and sentencing hearing, and that White understood he would be sentenced to a total of 17 years. The court found White's contrary testimony "not credible." The motion court thus concluded that White voluntarily entered his guilty plea.

White appeals the judgment of the motion court.

## Standard of Review

Our review of the denial of a Rule 24.035 motion is limited to whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). The movant bears the burden of showing by a preponderance of the evidence that the motion court clearly erred in its ruling. *Stacker v. State*, 357 S.W.3d 300, 303 (Mo. App. E.D. 2012). Credibility determinations are exclusively for the motion court, and we defer to those determinations. *Id.*

## Discussion

White's single point on appeal is that the motion court erred in overruling his amended Rule 24.035 motion because plea counsel was ineffective for misinforming White that he would receive a sentence of ten years. White asserts that counsel's assurances induced him to plead guilty and rendered his guilty plea involuntary. He maintains that, had he known he would be sentenced to 17 years, he would not have pleaded guilty and would have gone to trial. White further asks this Court to deem his hearing testimony credible and to reject the motion court's credibility determination to the contrary.

When a movant claims ineffective assistance of counsel, the movant must allege facts, not refuted by the record, that show "counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney," resulting in prejudice to the movant. *Matthews v. State*, 175 S.W.3d 110, 113 (Mo. banc 2005); *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Prejudice exists where the movant shows that, but for counsel's ineffective assistance, he would not have pleaded guilty and would have insisted on taking his case to trial. *Taylor v. State*, 456 S.W.3d 528, 534 (Mo. App. E.D. 2015).

Where there is a plea of guilty, a claim of ineffective assistance of plea counsel is immaterial "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005); *see also Gales v. State*, 533 S.W.3d 796, 799 (Mo. App. E.D. 2017). If an examination of the guilty plea proceedings directly refutes a movant's claim that his plea was involuntary, then the movant is not entitled to any relief. *Rivers v. State*, 498 S.W.3d 534, 536–37 (Mo. App. E.D. 2016).

More specifically, when a movant claims to have pleaded guilty based on a mistaken belief about his anticipated sentence, the test is whether a reasonable basis exists in the record for the movant's belief. *Bates v. State*, 421 S.W.3d 547, 553 (Mo. App. E.D. 2014). Where there is

no reasonable basis for the movant's belief in light of the guilty plea record, the movant is not entitled to relief. *Rivers*, 498 S.W.3d at 537. "Neither a disappointed expectation of a lesser sentence, nor a mere prediction as to sentencing by counsel that proves incorrect, is sufficient to render a guilty plea involuntary." *Id.*

Here, there is no reasonable basis in the record for White's alleged expectation that he would receive a ten-year sentence, and the record refutes White's claim that he involuntarily pleaded guilty based on that mistaken expectation. The record establishes that, when White entered his guilty plea, he believed he would be sentenced to 17 years and he voluntarily pleaded guilty with that belief.

At the plea and sentencing hearing, the sentencing court continually informed White that the court was going to sentence him to 17 years. Every time, White responded that he understood he would receive a sentence of 17 years. The court inquired if anyone, including White's attorney, had made any threats or promises to coerce or pressure him to plead guilty. White denied that he was threatened or promised anything and confirmed that he was entering his guilty plea voluntarily. White also stated that he was satisfied with counsel's services. *See Eberspacher v. State*, 915 S.W.2d 384, 386-87 (Mo. App. W.D. 1996) (movant's own testimony at plea hearing can be used to "refute conclusively" his claim on appeal); *Gales*, 533 S.W.3d at 800.

Likewise, at the hearing on White's amended Rule 24.035 motion, plea counsel repeatedly testified that he never promised White he would receive ten years. Rather, plea counsel testified that, before White's guilty plea, the sentencing court indicated its intention to sentence White to 17 years and counsel informed White he would receive 17 years.

In contravention of this clear record, White testified that plea counsel informed him that he would receive a ten-year sentence to run concurrently with seven-year sentences on his lesser

charges. The motion court found White's testimony incredible. Notwithstanding White's request that we disregard the motion court's credibility finding and deem his testimony credible, we defer to a motion court's credibility determinations. *See Stacker*, 357 S.W.3d at 303.

No reasonable basis exists in the record for White's alleged belief that he would receive a ten-year sentence. Even if there were a reasonable basis in the record for that alleged belief, the record otherwise refutes White's claim that his guilty plea was involuntary. *See Rivers*, 498 S.W.3d at 537-38; *Bates*, 421 S.W.3d at 553-54.

The motion court did not clearly err in denying White's amended Rule 24.035 motion. The Point is denied.

## Conclusion

For the foregoing reasons, we affirm the judgment of the motion court.

_____
Cristian M. Stevens, J.

Gary M. Gaertner, Jr., P.J., and
John P. Torbitzky, J., concur.