

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | |
|---|---|
| BRIAN C. LEE, | ) No. ED110693 |
| | ) |
| Appellant, | ) Appeal from the Circuit Court of |
| | ) Washington County |
| vs. | ) 21WA-CC00468 |
| | ) |
| STATE OF MISSOURI, | ) Honorable Wendy W. Horn |
| | ) |
| Respondent. | ) |
| | ) Filed: March 28, 2023 |

Kelly C. Broniec, P.J., Philip M. Hess, J., and James M. Dowd, J.

## OPINION

Appellant Brian C. Lee appeals the motion court's judgment denying his Rule 24.035[1] amended motion for post-conviction relief without an evidentiary hearing. In the underlying case, Lee pleaded guilty to one count of unlawful possession of a firearm by a convicted felon, a class D felony, and to two counts of possession of a controlled substance, a class D felony. Lee's appeal concerns only the firearm charge, which arose on July 25, 2018, when a park ranger visited the campsite of Lee and his wife and found a firearm in their tent.

The plea court sentenced Lee to seven years on the firearm charge, five years on each possession charge, and ordered that one of the five-year terms run consecutively to the seven-year

---

[1] All rule references are to the Missouri Supreme Court Rules (2015).

sentence for a total of twelve years in the Missouri Department of Corrections. After Lee filed his *pro se* Rule 24.035 motion, appointed counsel timely filed an amended motion claiming ineffective assistance of counsel. The motion was denied without an evidentiary hearing on the basis that the amended motion alleged facts directly refuted by the record.

Lee now claims that by denying him an evidentiary hearing, the motion court clearly erred because his factual allegations of ineffective assistance of counsel, if proven, are not refuted by the record. As to the merits of his claim, Lee alleges that his plea counsel was ineffective by failing to investigate and discuss with him the possible defense that his wife was actually in possession of the firearm, not him.[2] As a result, Lee claims his guilty plea was involuntary because he was unable to make a knowing and informed decision whether to plead guilty or go to trial. We find no clear error on the part of the motion court because the record refutes Lee's claims of ineffective assistance of counsel.

**Background**

On October 26, 2020, the State charged Lee by information with the unlawful possession of a firearm as a convicted felon in violation of section 571.070. The information alleged that on July 25, 2018, Lee knowingly possessed a 9mm semiautomatic pistol and that he had previously been convicted of a felony.

On September 27, 2021, Lee pleaded guilty to the foregoing charge. During the plea colloquy, Lee demonstrated that he understood the essential elements of the charged crimes and specifically confirmed that he possessed the firearm as a convicted felon. When asked about his

---

[2] Lee also claimed in his amended motion that counsel was ineffective by failing to obtain and discuss with him the park ranger's probable cause report. We do not address this claim because the park ranger's report is not part of our record and, further, Lee has failed to explain how his claim regarding the report impacted the voluntariness of his plea. *8182 Maryland Associates, Ltd. Partnership v. Sheehan*, 14 S.W.3d 576, 586 (Mo. banc 2000) (Generally, appellate courts will not consider evidence outside the record on appeal).

counsel's performance, Lee testified (1) that he had time to discuss his case with counsel before the plea hearing, (2) that he was satisfied with counsel's performance, and (3) that he was making the decision to plead guilty of his own volition. Also on September 27, Lee submitted to the plea court his written guilty plea petition in which Lee affirmatively stated that he was satisfied with his counsel and that his counsel had discussed all possible defenses and evidence with him.

In his amended motion, Lee claims that counsel failed to discuss with him the facts of the firearm case or any defenses and, as a result, he entered the plea of guilty unknowingly and involuntarily. The amended motion states that had Lee's counsel (1) explained to Lee the applicable law on the possession of a firearm and (2) informed him that a jury could find him not in possession of the firearm, Lee would have taken his case to trial. The motion court denied Lee an evidentiary hearing and issued findings of fact and conclusions of law denying Lee's motion holding that his claim was directly refuted by the record. This appeal follows.

## Standard of Review

We review the denial of a Rule 24.035 motion for post-conviction relief to determine whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Morrow v. State*, 21 S.W.3d 819, 822 (Mo. banc 2000). The motion court's findings are presumed correct. *McCoy v. State*, 431 S.W.3d 517, 520 (Mo. App. E.D. 2014). Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.* A movant is only entitled to an evidentiary hearing if: "(1) he pleaded facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant." *McNeal v. State*, 412 S.W.3d 886, 889 (Mo. banc 2013). A hearing does not need to be held when

3

the motion court determines the record conclusively shows the movant is not entitled to relief. Rule 24.035(h).

The two-pronged *Strickland* test is applied in cases where a movant claims post-conviction relief based upon ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668,687 (1984); *Zink v. State*, 278 S.W.3d 170, 175–76 (Mo. banc 2009). The movant must prove the following two elements by a preponderance of the evidence: (1) that counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney and (2) that as a result thereof, the movant was prejudiced. *Zink*, 278 S.W.3d at 175.

Where there is a guilty plea, a claim of ineffective assistance of plea counsel is immaterial "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005); *see also Gales v. State*, 533 S.W.3d 796, 799 (Mo. App. E.D. 2017). A guilty plea must be both a voluntary expression of the movant's choice and a knowing and intelligent act done with sufficient awareness of the circumstances and likely consequences of the act. *State v. Hunter*, 840 S.W.2d 850, 861 (Mo. banc 1992); *Muhammad v. State*, 367 S.W.3d 659, 662 (Mo. App. E.D. 2012). If an examination of the guilty plea proceedings directly refutes a movant's claim that his plea was involuntary, then the movant is not entitled to any relief. *Rivers v. State*, 498 S.W.3d 534, 536–37 (Mo. App. E.D. 2016).

## Discussion

Lee brings one point on appeal. His allegation is that his counsel failed to fully investigate the gun possession charge which would have revealed the viable defense that his wife, who was not a felon, possessed the gun instead of Lee. Lee claims his allegation is not refuted by the record

4

because his responses during the plea hearing and in his guilty plea petition were not specific enough to conclusively refute his allegation. We disagree.

When a Rule 24.035 movant claims that the record does not refute allegations of ineffective assistance because the questions asked and answered on the record were not specific enough, that claim is undermined where the movant was given multiple opportunities to express dissatisfaction with counsel. *Morrison v. State*, 65 S.W.3d 561, 564 (Mo. App. W.D. 2002). In *State v. Driver*, 912 S.W.2d 52, 56 (Mo. banc 1995), the Supreme Court of Missouri held that to refute conclusively an allegation of ineffective assistance of counsel under a Rule 29.15 pleading, the questions asked must be sufficiently specific. *Id.* The Court stated that responses to general questions such as whether trial counsel did everything that the defendant wanted him to do, or conversely did not do something that defendant wanted, are too broad to refute conclusively an ineffectiveness claim in order for a motion court to deny the Rule 29.15 motion without an evidentiary hearing. *Id.* However, the Court also noted that this standard is not likely to increase the burden on the judicial process as a whole in that "significant numbers of Rule 24.035 motions are appropriately overruled without evidentiary hearing because the inquiry conducted by the trial court upon taking the guilty plea elicits responses that conclusively refute allegations in a later filed Rule 24.035 motion." *Id*.

Further, this Court has held that a claim that a guilty plea was not knowing and voluntary due to the lack of knowledge about a defense does not survive where the defense is not a technical or sophisticated legal defense beyond the knowledge of a lay person. *Muhammad v. State*, 367 S.W.3d 659 at 663. In *Muhammad*, the movant pleaded guilty to second-degree murder and armed criminal action and subsequently filed a Rule 24.035 motion alleging that his defense counsel failed to advise him about the possible defense of self-defense or about the possibility of conviction

5

for a lesser-included offence to second-degree murder. *Id*. at 660–61. However, this Court held that self-defense and the possibility of being convicted of a lesser offense are not "technical or sophisticated" legal defenses beyond the knowledge of a lay person and, therefore, Muhammad's repeated assertions, that he understood the nature and implications of his plea, directly refuted his claims that his plea was not knowing and voluntary. *Id.* at 663.

In light of the foregoing legal principles, we now address Lee's claim. The record demonstrates that Lee was given multiple opportunities to express dissatisfaction with the performance of his counsel, and the inquiry conducted during the plea hearing and within the plea petition elicited responses that conclusively refute the allegation made by Lee's motion. At his plea hearing, Lee affirmatively answered that he had enough time to speak with his counsel about the charges against him before pleading guilty and that he was fully satisfied with counsel's service. Lee also specifically admitted to the plea court under oath that he possessed the firearm as a convicted felon.

Following the plea hearing, Lee was given another opportunity to express any dissatisfaction but he answered affirmatively (1) that his lawyer investigated and discussed all defenses with him, (2) that he required no further investigation in order to knowingly and voluntarily plead guilty, and (3) that he understood that the plea hearing and the plea petition were his opportunities to express any complaints about his counsel.

Finally, turning now to the specific defense at the center of Lee's claim, Lee alleges that his counsel failed to discuss the possible defense that his wife was actually in sole possession of the firearm. The principles recognized in *Muhammad* are fatal to Lee's argument because the defense that "my wife possessed the gun, not me" is not "technical or sophisticated" such that Lee's responses to the plea court directly refute his claim. Like the defendant in *Muhammad*, we

6

are not persuaded that Lee was unaware of the basic principles of this defense at the time he pleaded guilty. The defense of not actually possessing a firearm against a charge of unlawful possession of a firearm does not require a sufficient level of specialized knowledge to effectively claim that counsel was ineffective in not discussing said defense. The record does not support a conclusion that Lee was unaware of the common legal principle of possession. Rather, the record demonstrates that Lee testified that he was in possession of the firearm, was informed of the relevant defenses, understood all the possible legal defenses, and still elected to plead guilty.

Consequently, we hold that the motion court did not clearly err in denying Lee's amended Rule 24.035 motion without an evidentiary hearing.

**Conclusion**

The judgment of the motion court is affirmed.

_____
James M. Dowd, Judge

Kelly C. Broniec, P.J., and
Philip M. Hess, J. concur.