

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| HARDY GAINES, | ) | No. ED112160 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau |
| v. | ) | Cause No. 23CG-CC00066 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Scott A. Lipke |
| | ) | |
| Respondent. | ) | Filed: October 22, 2024 |

### Introduction

Appellant Hardy Gaines appeals the motion court's judgment denying his amended Rule 24.035 motion for post-conviction relief without an evidentiary hearing.[1] On appeal, Appellant claims the motion court erred in denying his motion without an evidentiary hearing because he pleaded sufficient facts to show that counsel was ineffective for failing to advise him of possible defenses based on his belief that he possessed a different controlled substance than charged. We affirm.

### Factual and Procedural Background

On May 11, 2021, Appellant was arrested and charged with one count of possession of a controlled substance after Appellant identified the seized substance as ecstasy and declared

---

[1] All Rule references are to the Missouri Supreme Court Rules (2023).

1

ownership to the arresting officer. Following testing, the substance was determined to be methamphetamine, and the State amended the charge in May 2022 to so reflect this change of fact. The trial court heard and denied Appellant's motion to suppress in June 2022.

Appellant initially requested a jury trial, and the matter was set for trial in December 2022. However, Appellant entered a guilty plea on November 21, 2022. At the plea hearing, Appellant stated that he understood the charge against him and he understood that, by pleading guilty, he was waiving his right to proceed to trial and raise any defenses to the charge. Appellant further confirmed that he was satisfied with plea counsel's services, that counsel investigated the case to his satisfaction, and that counsel had done all that Appellant had asked of him. When asked by the court to describe what happened, Appellant stated that he knowingly possessed ecstasy pills—a different controlled substance chemically similar to methamphetamine—at which point plea counsel explained that Appellant had believed the substance he possessed to be ecstasy, but that it had tested positive for methamphetamine during the arresting officer's field test and again during subsequent forensic testing. Plea counsel stated that his client was not contesting the lab results which determined that the seized substance was methamphetamine, to which Appellant affirmatively agreed. Finally, the court asked Appellant to confirm that he had reviewed the plea form and that the information contained therein was true and accurate.

At the sentencing hearing, Appellant once again confirmed that the information in the sentencing assessment report was accurate and contained true facts. Based on Appellant's record of prior drug related convictions, the trial court denied probation and sentenced Appellant as a prior and persistent offender to seven years' imprisonment.

Appellant timely filed his *pro se* Rule 24.035 motion on February 27, 2023, and his amended motion on July 24, 2023. On September 25, 2023, the motion court entered its findings of facts and conclusions of law denying Appellant's amended Rule 24.035 motion without an evidentiary hearing. This appeal follows.

## Standard of Review

We review the denial of a Rule 24.035 motion for postconviction relief to determine whether the circuit court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Shepard v. State*, 658 S.W.3d 70, 75 (Mo. App. E.D. 2022), *transfer denied* (Jan. 31, 2023) (citing *Hefley v. State*, 626 S.W.3d 244, 248 (Mo. banc 2021)). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, there is a definite and firm impression that a mistake has been made." *Shepard*, 658 S.W.3d at 75 (internal quotation omitted).

To show he was entitled to an evidentiary hearing on his Rule 24.035 motion, a movant must show that (1) he alleged facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and record of his case; and (3) the matters complained of resulted in prejudice to him. *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009) (citing *Wilkes v. State*, 82 S.W.3d 925, 928 (Mo. banc 2002)). Prejudice exists where the movant shows that, but for counsel's ineffective assistance, he would not have pleaded guilty and would have insisted on taking his case to trial. *Jackson v. State*, 660 S.W.3d 679, 682 (Mo. App. E.D. 2023). "An evidentiary hearing may only be denied when the record conclusively shows that the movant is not entitled to relief." *Id.*

## Discussion

In his sole point on appeal, Appellant argues that the trial court erred in denying his amended motion without an evidentiary hearing because Appellant established that plea counsel

was ineffective for failing to advise him of potential defenses available to him based on his belief that he possessed ecstasy, not methamphetamine as charged. Appellant argues that, had he known that that a defense was available to him, he would not have pleaded guilty and would have proceeded to trial. Appellant claims his allegation is not refuted by the record because the record shows that plea counsel gave him incorrect information, as shown by plea counsel's statements during the plea hearing that Appellant would still be guilty regardless of whether the substance was ecstasy or methamphetamine. Specifically, Appellant argues plea counsel's statement that "[e]ither way, it's controlled and that would be transferred intent issue. So he still would be obviously guilty," was incorrect, and that Appellant's mistaken belief would have provided Appellant with a valid defense. We disagree.

"After a negotiated guilty plea, a claim of ineffective assistance of counsel is irrelevant except to the extent it affects the voluntariness and understanding with which the guilty plea was made." *Shepard*, 658 S.W.3d at 76 (citing *Roberts*, 276 S.W.3d at 836). "To be voluntary, a plea must be free from fraud or mistake, misapprehension, fear, coercion, or the holding out of hopes which prove to be false or ill founded." *Id*. (citing *Johnson v. State*, 580 S.W.3d 895, 901 (Mo. banc 2019)). "To be knowingly made, a plea must be entered with sufficient awareness of the relevant circumstances and likely consequences." *Id*. (citing *Brady v. United States*, 397 U.S. 742, 748, 90 (1970)). Failure by plea counsel to advise a defendant of a possible defense may render a guilty plea unknowing and involuntary. *Wiggins v. State*, 480 S.W.3d 379, 383 (Mo. App. E.D. 2015).

This Court has consistently held that a claim that a guilty plea was not knowing and voluntary based on the lack of knowledge about a defense does not survive where the defense is not a technical or sophisticated legal defense beyond the knowledge of a lay person. *Lee v. State*,

4

663 S.W.3d 510, 514 (Mo. App. E.D. 2023) (citing *Muhammad v. State*, 367 S.W.3d 659, 663 (Mo. App. E.D. 2012)). In *Lee v. State*, the movant pleaded guilty to unlawful possession of a firearm by a convicted felon, and subsequently filed a Rule 24.035 motion alleging that plea counsel failed to investigate and advise him of the possible defense that another person, namely his wife, had possession of the firearm. *Id*. This Court rejected the argument, finding that any such possible defense was not "technical or sophisticated," such that the record did not indicate that the movant was unaware of the basic principles of the defense at the time he pleaded guilty. *Id*. at 515.

Here, the record similarly refutes Appellant's argument that he was unaware of any such defense at the time of the plea hearing. Appellant's proposed defense of possession of a different, uncharged controlled substance is not technical or sophisticated, as Appellant acknowledged the distinction between the two substances during the plea hearing when he claimed that he possessed ecstasy instead of methamphetamine; the lengthy discussion of Appellant's mistaken belief during the hearing indicates that Appellant had sufficient knowledge of such a basic defense and still proceeded to plead guilty. Additionally, Appellant's prior history of drug related convictions would indicate a familiarity with distinctions between such controlled substances. Finally, following the discussion during the plea that the drug in Appellant's possession was in fact methamphetamine, Appellant did not request to have his plea withdrawn and argue that he was actually in possession ecstasy and not methamphetamine.

Moreover, fatal to Appellant's claim is the non-viability of such a defense. Under Section 579.015, with which Appellant was charged, "[a] person commits the offense of possession of a controlled substance if he or she knowingly possesses *a controlled substance*." Section

5

579.015.1 (emphasis added).[2] Appellant argues that ecstasy and methamphetamine are chemically different substances, as evidenced by the substances' different location within Section 195.017's schedule of controlled substances. However, the statute at issue here which imposes the penalty—Section 579.015—does not create a legal distinction between types of controlled substances; it merely criminalizes possession of any controlled substance. *See State v. Bell*, 855 S.W.2d 493, 494 (Mo. App. E.D. 1993) (rejecting the argument that the defendant could not be found guilty of possession of cocaine when he actually possessed cocaine base because the charging statute merely regulates possession or control of a "controlled substance," and does not create a legal distinction between such controlled substances); *see also State v. Lemons*, 294 S.W.3d 65, 70 (Mo. App. S.D. 2009) (affirming defendant's conviction of possession of crack cocaine where testing only determined that it was cocaine because the charging statute did not create a legal distinction of types of controlled substances and "whether the substance was cocaine or crack cocaine it is clear that it was a controlled substance the possession of which is prohibited").

Accordingly, regardless of Appellant's mistaken belief as to what substance he possessed, it is clear from the record that he possessed *a controlled substance*, and that he admitted to knowingly possessing the substance both during his arrest and during his plea hearing, which he does not dispute now on appeal. Thus, Appellant cannot prove prejudice because no such defense would have been available to him at trial.

Because Appellant has failed to allege any facts that would warrant relief and he cannot prove that he suffered prejudice, the trial court did not err in denying his amended Rule 24.035 motion without an evidentiary hearing.

---

[2] All statutory references are to RSMo 2016, as supplemented.

**Conclusion**

For the foregoing reasons, the judgment of the motion court is affirmed.

_____
Renée D. Hardin-Tammons, J.

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., concur.